# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| CYPANGA SICAV SIF, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FISERV, INC., MICHAEL P. LYONS, and ROBERT W. HAU,<br><br>    Defendants. | Civil Action No. 2:25-cv-01716-JPS<br><br>CLASS ACTION |
| SANDRA LOMBARD, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FISERV, INC., MICHAEL LYONS, and ROBERT HAU,<br><br>    Defendants. | Civil Action No. 2:25-cv-01786-NJ<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF NORTHERN CALIFORNIA PIPE TRADES TRUST FUNDS' MOTION FOR CONSOLIDATION AND APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

Plaintiff, Northern California Pipe Trades Trust Funds ("NCPTTF"), submits this memorandum of law in support of its motion for: (1) consolidation of the above-captioned related actions; (2) appointment as Lead Plaintiff for the Class under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u4(a)(3)(B); (3) approval of its selection of Block & Leviton LLP ("Block & Leviton") as Lead Counsel for the Class; and (4) granting any other relief that the Court may deem just and proper.

## I. INTRODUCTION

Currently pending before the Court are two related securities class actions brought on behalf of investors who purchased Fiserv, Inc. ("Fiserv" or the "Company") securities from July 23, 2025 through October 28, 2025, inclusive (the "Class Period"), against Defendants Fiserv, Michael P. Lyons, and Robert W. Hau ("Defendants") for violations of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).[1]

The PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, because common questions of law and fact are involved in the related actions, consolidation is appropriate. *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). NCPTTF, a

---

[1] The related actions are: *Cypanga Sicav SIF v Fiserv, Inc., et al.*, No. 2:25-cv-01716-JPS (E.D. Wis. Nov. 4, 2025) and *Lombard v. Fiserv, Inc. et al.*, No. 2:25-cv-01786-NJ (E.D. Wis. Nov. 14, 2025).

sophisticated institutional investor, should be appointed lead plaintiff because it timely filed its motion, believes it has the largest financial interest in the outcome of this litigation, and is typical and adequate to represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

NCPTTF is the ideal lead plaintiff envisioned by Congress in its enactment of the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 622 (E.D. Wis. 2009) (The PSLRA "was designed to encourage institutional investors, who are more likely to have significant financial holdings at stake as well as greater sophistication and experience in securities matters, to exercise control over the litigation and over counsel").

In addition, NCPTTF's selection of Block & Leviton LLP, counsel with extensive experience prosecuting complex securities class actions, to serve as lead counsel is reasonable and should be approved. *See* 15 U.S.C. §78u4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").

## II. FACTUAL BACKGROUND

Fiserv is a leading global provider of payments and financial services technology. ¶2.[2] It operates at the intersection of banking and commerce, serving merchants and financial institutions through its portfolio of payment-processing, digital banking solutions, and point-of-sale technologies. *Id.* The Company's headquarters is in Milwaukee, Wisconsin and its common stock now trades on the Nasdaq under the ticker symbol "FISV" after it was transferred from the NYSE

---

[2] Citations to "¶__" refer to paragraphs of the Lombard Complaint, *Sandra Lombard v. Fiserv, Inc., et al.,* Case No. 2:25-cv-01786-NJ (E.D. Wis. Nov. 14, 2025), ECF No. 1.

in November 2025. ¶¶6, 14. During the Class Period, Fiserv's common stock traded on the NYSE under the ticker symbol "FI." ¶14.

Both the Cypanga Sicav SIF and Lombard complaints allege that, throughout the Class Period, Defendants made false and/or misleading statements and failed to disclose material facts. ¶3. Even though Fiserv had embedded unrealistic assumptions into its guidance, "all of which would have been objectively difficult to achieve, even with the right investment and strong execution," as Defendant Lyons later admitted, Defendants made statements on July 23, 2025 falsely assuring investors that Fiserv's earnings and growth would only be slightly lower in the third quarter and largely remain on track for both the third quarter and full year 2025. ¶¶5, 23-25. Investors were unaware that these adjusted expectations were unachievable from the start. ¶36.

On October 29, 2025, Fiserv shocked investors by revealing unexpectedly low third quarter 2025 earnings in reporting non-GAAP earnings per share of $2.04, missing estimates by more than 60 cents per share, and revenue of $4.92 billion, almost half a billion dollars below expectations. ¶34. Fiserv also slashed its guidance, cutting its adjusted earnings per share from the $10.15 to $10.30 affirmed by Defendants Lyons and Hau in July 2025 to between $8.50 and $8.60. *Id.* Organic revenue growth, also affirmed to be "approximately 10%" in July 2025, and discussed extensively by Lyons and Hau, was cut to 3.5% to 4%. *Id.*

In tandem with the disappointing results and outlook, Fiserv announced a broad management overhaul with new co-presidents, CFO, board chairman, and independent directors, and a new business strategy called "One Fiserv." ¶¶25, 37. Fiserv also told investors that its stock would be transferred from the NYSE to the Nasdaq in November 2025. *Id.* On this news, Fiserv's stock immediately collapsed by about 44%, or $55.57 per share, to close at $70.60 per share on October 29, 2025, wiping out almost $30 billion in market capitalization. ¶38.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Fiserv's securities, NCPTTF and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.  The Related Actions Should Be Consolidated

Two related securities class actions have been filed in this Court against the Defendants. The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.* Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)") allows the Court to consolidate actions that involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a).

Here, there are two related actions pending in this District against Defendants: *Cypanga Sicav SIF v Fiserv, Inc., et al.*, No. 2:25-cv-01716-JPS (E.D. Wis. filed Nov. 4, 2025) and *Lombard v. Fiserv, Inc. et al.*, No. 2:25-cv-01786-NJ (E.D. Wis. filed Nov. 14, 2025). These actions present substantially similar factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act, allege identical Class Periods, and arise out of substantially similar misstatements regarding the stability of Michael Lyons's transition to CEO of Fiserv and that he had adequate time to "understand the key drivers of our business, the status on the strategic initiatives and then what was embedded in the full year guidance" when adjusting Fiserv's expectations for the remainder of fiscal 2025. ¶¶24-36; *see W. Pa. Elec. Emps. Pension Tr. v. Plexus Corp.*, No. 07-C-582, 2007 WL 3342593, at *1 (E.D. Wis. Nov. 7, 2007) (consolidating

actions that "involve the same factual allegations and legal issues," the same claims against defendants, and the same class period). Accordingly, consolidation is appropriate under Rule 42(a) and the PSLRA, and NCPTTF respectfully requests that these actions be consolidated.

### B. NCPTTF Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising Class members "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this action was published on November 4, 2025. *See* Declaration of Jacob A. Walker in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel, Ex. A ("Walker Decl.").

Next, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of other class members. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA also provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

NCPTTF meets these requirements and should therefore be appointed Lead Plaintiff. NCPTTF filed the instant motion in a timely manner, believes it has the largest financial interest in this litigation of any qualified movant, and satisfies the typicality and adequacy requirements of Rule 23. In addition, as a sophisticated institutional investor with a substantial financial stake in this action, NCPTTF is exactly the type of lead plaintiff Congress envisioned when enacting the PSLRA. *See Lifson v. Assisted Living Concepts, Inc.,* No. 12-cv-884 Slip op. at 1-2 (E.D. Wisc. Nov. 14, 2012) (JPS).

### 1. NCPTTF's Motion Is Timely

The statutory notice published on November 4, 2025 advised Class members of the pendency of the action, the claims asserted, the proposed Class Period, and the right to move the Court to be appointed as lead plaintiff by January 5, 2026. *See* Walker Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because NCPTTF's motion has been filed by the statutory deadline, it is eligible for appointment as lead plaintiff.

### 2. NCPTTF Believes It Has the Largest Financial Interest in the Relief Sought by the Class

"The largest financial interest provision seeks to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring courts to presume that the member of the purported class with the largest financial stake in the relief sought is the 'most adequate plaintiff.'" *Chandler v. Ulta Beauty, Inc.*, No. 18-CV-1577, 2018 WL 3141763, at *2 (N.D. Ill. June 26, 2018); *Assisted Living Concepts,* slip op. at 2.

6

As evidenced by its Certification and loss chart, NCPTTF purchased a significant amount of Fiserv securities and suffered approximately $354,138.66 in losses as a result of Defendants' violations of the federal securities laws. *See* Walker Decl., Exs. B, C. NCPTTF is unaware of any other movant seeking appointment as lead plaintiff that has a larger financial interest in the outcome of the action and also satisfies the typicality and adequacy requirements of Rule 23. Accordingly, NCPTTF has the largest financial interest of any qualified movant seeking lead plaintiff status and, because it satisfies the applicable requirements of Rule 23, as discussed below, is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)

### 3. NCPTTF Is Typical and Adequate of the Class

In addition to possessing a significant financial interest, the proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, only a "preliminary showing" of typicality and adequacy is required. *Hedick v. Kraft Heinz Co.*, No. 19-CV-1339, 2019 WL 4958238, at *8 (N.D. Ill. Oct. 8, 2019). The typicality requirement is satisfied if the plaintiff's claims "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Id.* (citing *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998)). A plaintiff satisfies the adequacy requirement if "(1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who [will] be able to prosecute the litigation vigorously." *Assisted Living Concepts,* slip op. at 3 (citing *Johnson v. Tellabs*, 214 F.R.D. 225, 228-29 (N.D. Ill. 2002)).

Here, NCPTTF's claims are typical of those of the Class because—like all Class members—it purchased Fiserv securities during the Class Period, suffered damages as a result of

Defendants' false and misleading statements and omissions, and possesses claims against Fiserv and the Individual Defendants under the Exchange Act. *See id.* at *9; *Plexus Corp.*, 2007 WL 3342593, at *1 (finding "claims and defenses of [movant] are typical of those of the class, as they are based on [movant's] purchase of shares of [company's] common stock during the relevant time period and involve the same legal and factual issues").

NCPTTF is also adequate because its interests in the action are squarely aligned with the interests of the other members of the Class. NCPTTF is highly incentivized to maximize the recovery for all Class members harmed by Defendants' misrepresentations and omissions based on, among other things, the substantial losses of $354,138.66 NCPTTF suffered. *See In re Groupon, Inc. Sec. Litig.*, No. 12 C 2450, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012) ("There is no evidence before the Court to suggest that [plaintiff's] interest is in conflict with those of the purported class. Further, given his alleged losses, [plaintiff] has a substantial interest in the outcome of this case."); *Plexus Corp.*, 2007 WL 3342593, at *2 (noting institutional investor's "large stake in the litigation[] makes it well suited to adequately represent the class interests").

In addition to satisfying the requirements of Rule 23, NCPTTF is also precisely the type of lead plaintiff envisioned by Congress in its enactment of the PSLRA— a sophisticated institutional investor with substantial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995). NCPTTF provides benefit plans and has sufficient resources and incentive to vigorously prosecute this action and supervise lead counsel. NCPTTF is cognizant of the requirements and responsibilities of serving as lead plaintiff in a securities class action and is willing to undertake these responsibilities on behalf of the class. *See* Walker Decl., Ex. D.

Moreover, as set forth in greater detail below, NCPTTF's adequacy is bolstered by its hiring of Block & Leviton—highly qualified counsel with significant success prosecuting federal securities class actions—to serve as lead counsel. *Amberber v. EHang Holdings Ltd.*, No. 21 CIV. 1392 (GBD), 2022 WL 409096, at *3 (S.D.N.Y. Feb. 10, 2022) (finding movant demonstrated *prima facie* adequacy because he "retained qualified, experienced counsel [Block & Leviton], he is not aware of any conflict between his claims and those asserted on behalf of the putative class, and he submits that he has sufficient incentive to provide vigorous advocacy in this litigation."). Accordingly, NCPTTF readily satisfies the adequacy requirement.

Because NCPTTF filed a timely motion, believes it has the largest financial interest in the relief sought by the Class, and demonstrated its preliminary typicality and adequacy, the Court should adopt the presumption that it is the "most adequate" plaintiff.

### C. The Court Should Approve NCPTTF's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices." *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001); *see also Christakis v. Fifth Third Bancorp*, No. 20 C 2176, 2020 WL 9720422, at *3 (N.D. Ill. June 29, 2020) ("In approving the lead plaintiff's selection of counsel, the court reviews the selection deferentially and will only intervene if it is necessary to protect the interests of the plaintiff class."). NCPTTF has selected Block & Leviton, a firm with substantial experience in the prosecution of shareholder and securities class actions, to serve as lead counsel. Walker Decl., Ex. E.

As noted by one district court,

While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its

9

> representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21). Courts across the country have likewise recognized Block & Leviton's adequacy and appointed the firm as lead counsel. *See e.g.*, *Amberber v. EHang Holdings Ltd.*, 2022 WL 409096, at \*5 (S.D.N.Y. Feb. 10, 2022) ("Block & Leviton LLP can capably represent the class here, given the firm's experience in litigating class action lawsuits."); *Bardaji v. Match Grp., Inc.*, 2023 WL 3624774, at \*3 (D. Del. May 24, 2023) (noting that Block & Leviton "has substantial experience in securities fraud litigation [and] has obtained a significant number of sizeable settlements in these cases over the years."); *see also In re Lyft, Inc. Sec. Litig.*, 2023 WL 5068504 at \*9 (N.D. Cal. Aug. 7, 2023)(approving $25 million settlement and stating, "Block & Leviton are highly experienced lawyers with expertise in securities class actions.").

Accordingly, NCPTTF's selection of Block & Leviton as lead counsel is reasonable and should be approved.

## IV.   CONCLUSION

For the foregoing reasons, NCPTTF respectfully requests that the Court: (1) consolidate the above-captioned related actions; (2) grant its motion for appointment as Lead Plaintiff; (3) approve its selection of Block & Leviton LLP as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

10

DATED: January 5, 2026

Respectfully submitted,

*/s/ Jacob A. Walker*
Jeffrey C. Block (*pro hac vice* forthcoming)
Jacob A. Walker
Sarah E. Delaney (*pro hac vice* forthcoming)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com
sarah@blockleviton.com

*Counsel for NCPTTF and Proposed Lead Counsel for the Class*

11