**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| CYPANGA SICAV SIF, Individually and on Behalf of All Others Similarly Situated, <br><br>                   Plaintiff, <br><br>      v. <br><br> FISERV, INC., MICHAEL P. LYONS, and ROBERT W. HAU, <br><br>                   Defendants. | Civil Action No. 2:25-cv-01716 <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY CYPANGA SICAV SIF**
**<u>FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND .................................................................................................. 2

ARGUMENT ............................................................................................................................ 3

    I.    CYPANGA IS THE PRESUMPTIVE LEAD PLAINTIFF AND SHOULD BE APPOINTED LEAD PLAINTIFF ................................................... 3

        A.    Cypanga Filed a Timely Motion ................................................................. 4

        B.    Cypanga Has the Largest Financial Interest in the Relief Sought by the Class ........................................................................................ 4

        C.    Cypanga Satisfies Rule 23 ........................................................................... 5

    II.    CYPANGA'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED ................................................................................................................ 6

CONCLUSION ........................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ...................................................................................5

*Mortimer v. Diplomat Pharmacy Inc.*,
2019 WL 3252221 (N.D. Ill. July 19, 2019)...............................................................6

*In re NYSE Specialists Sec. Litig.*,
240 F.R.D. 128 (S.D.N.Y. 2007) ................................................................................3

*Peters v. Jinkosolar Holding Co., Ltd.*,
2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ..............................................................5

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, *Inc.*,
229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................................1

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D.
620 (E.D. Wis. 2009) ...................................................................................................5

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
95 F. Supp. 3d 607 (S.D.N.Y. 2015)............................................................................7

*In re Tronox, Inc. Sec. Litig.*,
262 F.R.D. 338 (S.D.N.Y. 2009) .............................................................................3, 4

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008)..........................................................................5

**Statutes**

15 U.S.C. §78u-4(a)(1) ........................................................................................................3

15 U.S.C. §78u-4(a)(3)(A).................................................................................................3, 4

15 U.S.C. §78u-4(a)(3)(B) ...................................................................................... *passim*

Securities Exchange Act of 1934 §§10(b) and 20(a), 15 U.S.C. §§78j(b) and
78t(a) ........................................................................................................................1, 2

**Other Authorities**

17 C.F.R. §240.10b-5............................................................................................................1

Federal Rules of Civil Procedure Rule 23 ..................................................................................2, 4, 5

Rule 10b-5...............................................................................................................................1, 2, 3

Case 2:25-cv-01716-JPS    Filed 01/05/26    Page 4 of 12    Document 27

Plaintiff and Lead Plaintiff movant Cypanga Sicav SIF ("Cypanga" or "Movant"), on behalf of itself and all others similarly situated, respectfully submits this Memorandum of Law in support of its Motion to: (1) appoint Cypanga as Lead Plaintiff of the above-captioned securities class action; (2) approve Cypanga's selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class; and (3) grant such other and further relief as the Court may deem just and proper.[1]

## PRELIMINARY STATEMENT

Presently pending before the Court is a securities class action brought on behalf of persons and entities that sold short shares of Fiserv, Inc. ("Fiserv" or the "Company") securities between July 23, 2025, and October 29, 2025, inclusive (the "Class Period") (the "Action"). The Action alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

The Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4(a)(3)(B) ("PSLRA"), provides that a court must appoint as lead plaintiff the "'most adequate plaintiff.'" 15 U.S.C. §78u-4(a)(3)(B)(i); *see, e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004).[2] Cypanga is the most adequate Plaintiff because it has timely moved to be Lead Plaintiff, has the largest financial interest in the litigation (nearly $611,232.29 in recoverable losses), and satisfies the representative

---

[1] Defined terms have the same definitions as in the complaint filed in this Action on November 4, 2025 (the "Complaint"). ECF No. 1. Unless otherwise noted, all "¶" and "¶¶" citations refer to the Complaint.

[2] Unless otherwise indicated, citations are omitted and emphasis is added.

requirements set forth in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

For the reasons summarized herein and discussed more fully below, Cypanga's Motion should be approved in its entirety.

## FACTUAL BACKGROUND

This is a federal securities class action on behalf of all persons and entities that purchased or otherwise acquired Fiserv securities during the Class Period against Fiserv and certain of its officers and executives, seeking to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder. ¶1.

Fiserv is a Milwaukee, Wisconsin-based global payments and financial technology provider. ¶2. In July 2025, Fiserv revised its 2025 guidance, including lowering its organic revenue growth guidance. *Id.* Fiserv told the market that its guidance changes were based on a review, termed a "re-underwrit[ing]" of the Company's new initiatives and products. *Id.* The Company told investors that although certain of those initiatives and projects were delayed, they were fundamentally sound. *Id.*

Unbeknownst to investors, Fiserv's representations to the market in July 2025 were false and misleading. ¶3. As Fiserv would later admit in October 2025, the Company's 2025 guidance disclosed in July 2025 was based on "assumptions . . . which would have been objectively difficult to achieve even with the right investment and strong execution." *Id.*

Moreover, Fiserv's "re-underwrit[ing]" of its initiatives and products turned out to have focused only on its largest offerings and was not comprehensive. ¶4. After Fiserv actually conducted a comprehensive review during the third quarter, it concluded that its initiatives and

2

products "place[d] too much emphasis on pursuing in-quarter results as opposed to building long-term relationships." *Id.* Thus, Fiserv announced in October that it "made the decision to deprioritize the short-term revenue and expense initiatives" which would negatively impact the Company's short-term "growth and profitability." *Id.*

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages. ¶5.

**ARGUMENT**

**I.      CYPANGA IS THE PRESUMPTIVE LEAD PLAINTIFF AND SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *id.* at (a)(3)(B). First, the plaintiff who files the action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i). Second, within 60 days after publication of the Early Notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I).

Finally, "the Court is required to appoint 'the most adequate plaintiff' as lead plaintiff." *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 141 (S.D.N.Y. 2007) (quoting 15 U.S.C. §78u-4(a)(3)(B)(i)). Under this Exchange Act provision, "the 'most adequate plaintiff' [is] determined by a two-step competitive process." *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343 (S.D.N.Y. 2009). First, the Exchange Act provides that the court is to presume the "most adequate plaintiff"

3

to be the class member who: (a) "has either filed [a] complaint or made a motion [for lead plaintiff] in response to a notice"; (b) "has the largest financial interest in the relief sought"; and (c) "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc); *see also Tronox*, 262 F.R.D. at 343-44. The Rule 23 element of the presumption necessitates only a "preliminary showing that [the movant] satisfies the typicality and adequacy requirements of Rule 23." *Tronox*, 262 F.R.D. at 344. Second, so long as the presumption is not rebutted, the "most adequate plaintiff" shall be appointed the lead plaintiff. *Id.* As demonstrated below, Cypanga meets these requirements and should be appointed to serve as Lead Plaintiff.

### A. Cypanga Filed a Timely Motion

On November 4, 2025, the same day this Action was filed, a notice of pendency of the Action was published on *GlobeNewswire*, a national newswire service. *See* Declaration of Amanda F. Lawrence in Support of Motion by Cypanga Sicav SIF for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Lawrence Decl.") filed in support hereof, Ex. A. The requirements of 15 U.S.C. §78u-4(a)(3)(A)(i) have, therefore, been met. The Early Notice states that those wishing to serve as Lead Plaintiff are required to move for appointment "no later than January 5, 2026" (*i.e.*, within 60 days of publication of the Early Notice). *See id.*

Cypanga's motion for appointment as Lead Plaintiff is therefore timely filed. Moreover, Cypanga has submitted a certification stating its willingness to serve as a representative party on behalf of the Class and provided its Class Period transactions. *See* Lawrence Decl., Ex. C.

### B. Cypanga Has the Largest Financial Interest in the Relief Sought by the Class

To its knowledge, Cypanga is the Lead Plaintiff movant with the largest financial interest in the relief sought by the Class. "Courts in this District generally look at the following factors to determine financial interest: '(1) the total number of shares purchased during the class period;

4

(2) the net shares purchased during the class period . . . ; (3) the net funds expended during the class period . . . ; and (4) the approximate losses suffered.'" *Peters v. Jinkosolar Holding Co., Ltd.*, 2012 WL 946875, at *5 (S.D.N.Y. Mar. 19, 2012) (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)). "It is well settled that '[f]inancial loss, the last factor, is the most important element of the test.'" *Id.* (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)) (alteration in original).

As evidenced by its PSLRA certification and the charts detailing the transactions and losses, Cypanga purchased Fiserv securities during the Class Period and suffered losses as a result of Defendants' misconduct. *See* Lawrence Decl., Exs. B & C. Specifically, Cypanga suffered losses of approximately $611,232.29. Lawrence Decl., Ex. B.

Cypanga thus has a significant financial interest in this case. Moreover, Cypanga is unaware of any other movant that has sustained greater financial losses in connection with its Fiserv transactions during the Class Period. Therefore, Cypanga has the "largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### C. Cypanga Satisfies Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). "When identifying the presumptive lead plaintiff, courts usually examine only the 'adequacy' and 'typicality' factors under Rule 23." *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 623 n.3 (E.D. Wis. 2009) (citation omitted).

"A plaintiff's claims are typical if they arise from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Mortimer v. Diplomat Pharmacy Inc.*, 2019 WL 3252221, at *4 (N.D. Ill. July 19, 2019) (citation modified). Here, like all other class members, Cypanga: (1) purchased Fiserv common stock during the Class Period; (2) was adversely affected by the alleged wrongdoing; and (3) suffered damages thereby. Thus, Cypanga's claims are typical of those of the Class.

"A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously." *Id.* Here, Cypanga has a substantial stake in the outcome of the case, indicating that it has the requisite incentive to vigorously represent the Class's claims. *See* Lawrence Decl., Ex. B. Also, as further detailed below, Cypanga has retained qualified and experienced counsel to vigorously prosecute the case on behalf of the Class. As such, the Court should find that the adequacy requirement has been met.

Because Cypanga filed a timely motion, has a large financial interest in the relief sought by the Class, and demonstrated its typicality and adequacy, the Court should adopt the presumption that it is the "most adequate plaintiff."

## II. CYPANGA'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). In making this determination, a court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class[.]" *Id.* at (B)(iii)(II)(aa). "There is a strong presumption in favor of approving

6

a properly-selected lead plaintiff's decision as to counsel." *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015).

Cypanga has selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Lawrence Decl., Ex. D. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud. [3] Also, Scott+Scott currently serves as lead or co-lead counsel in numerous securities class actions pending in several U.S. District Courts. [4]

---

[3] Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.,* HUD-L-003492-1 (Hudson Cnty. N.J. Super. Ct. NJ) ($102.5 million); *Weston v. RCS Cap. Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am.*, *N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *Irvine v. ImClone Sys.*, *Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *In re Micro Focus Int'l plc Sec. Litig.*, Lead Case No. 18-cv-01549 (Cal. Super. Ct. San Mateo Cnty.) ($107.5 million); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cnty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million); *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.) ($13 million).

[4] *See, e.g.*, Current Lead Counsel Appointments: *Severt v. UiPath, Inc.*, No. 1:23-cv-07908 (S.D.N.Y.); *City of Omaha Police & Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 1:23-cv-01769 (S.D.N.Y.); *Giraudon v. Innovative Industrial Properties, Inc.*, No. 1:25-cv-00182 (D. Md.); *White v. Brooge Energy Limited*, No. 2:24-cv-00959 (C.D. Cal.); *Rondini v. Kyverna Therapeutics, Inc.*, No. 3:24-cv-08869 (N.D. Cal.); *Marselis v. Fox Factory Holding Corp.*, No. 1:24-cv-00747 (N.D. Ga.); *City of Southfield Fire & Police Retirement System v. Hayward Holdings, Inc.*, 2:23-cv-04146 (D.N.J.); *Sundaram v. Freshworks, Inc.*, No. 3:22-cv-06750 (N.D. Cal.); *City of Birmingham Relief & Ret. Sys. v. Acadia Pharms. Inc.*, No. 3:21-cv-00762 (S.D. Cal.); *Golubowski v. Robinhood Mkts., Inc.*, No. 3:21-cv-09767 (N.D. Cal.).

In light of the foregoing, the Court should approve Cypanga's selection of Scott+Scott as Lead Counsel.  The Court can be assured that by approving Cypanga's choice of Lead Counsel, the putative Class will receive the highest caliber of representation.

## CONCLUSION

For all the foregoing reasons, Cypanga respectfully requests that the Court: (1) appoint Cypanga as Lead Plaintiff on behalf of the Class; (2) approve Cypanga's selection of counsel, Scott+Scott, as Lead Counsel; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: January 5, 2025                     **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

_s_/ Amanda F. Lawrence
Amanda F. Lawrence
156 South Main Street, P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 531-2645
alawrence@scott-scott.com

Thomas L. Laughlin, IV
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
tlaughlin@scott-scott.com

*Counsel for Plaintiff and the Putative Class*

8