UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CYPANGA SICAV SIF, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br> vs.<br><br>FISERV, INC., et al.,<br><br>       Defendants. | Civil No. 2:25-cv-01716-JPS |
| SANDRA LOMBARD, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br> vs.<br><br>FISERV, INC., et al.,<br><br>       Defendants. | Civil No. 2:25-cv-01786-PP |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

## I. INTRODUCTION

Two related securities class action lawsuits brought on behalf of investors of Fiserv, Inc. ("Fiserv" or the "Company") securities alleging claims under the Securities Exchange Act of 1934 (the "Exchange Act") are pending before this Court.[1] The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff in a securities case. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, the Related Actions should be consolidated because they are based on the same set of facts and assert identical claims against the same defendants on behalf of a proposed class of investors that purchased Fiserv securities during nearly identical class periods alleging the same violations of the federal securities laws. *See* Fed. R. Civ. P. 42(a).

As soon as practicable after consolidating the Related Actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, Employees' Retirement System of Hawaii ("Hawaii ERS") should be appointed lead plaintiff because it filed a timely motion, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Hawaii ERS' selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel is reasonable and should be approved. *See* 15 U.S.C. §78u-4 (a)(3)(B)(v).

---

[1] The Related Actions are *Cypanga SICAV SIF v. Fiserv, Inc.*, No. 2:25-cv-01716 (E.D. Wis.), and *Lombard v. Fiserv, Inc.*, No. 2:25-cv-01786 (E.D. Wis.). The *Cypanga* Action brings claims on behalf of purchasers of Fiserv securities between July 23, 2025 and October 29, 2025, while the *Lombard* Action brings claims on behalf of purchasers of Fiserv common stock between July 23, 2025 and October 28, 2025. This motion relies on the most inclusive class period alleged in the *Cypanga* Action. Unless otherwise noted, all emphasis is added and citations are omitted.

I.      ARGUMENT

    A.      The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, the Related Actions assert identical theories of wrongdoing on behalf of purchasers of Fiserv securities during the Class Period against identical defendants for alleged violations of the same provisions of the Exchange Act. Consolidation will prevent needless duplication and possible confusion, as well as potentially inconsistent jury verdicts. There is also little or no risk of prejudice to the parties from consolidation. *See generally Goss v. Roadrunner Transp. Sys., Inc.*, 2017 WL 10742612, at *1 (E.D. Wis. May 19, 2017).

Accordingly, the Court should consolidate the Related Actions.

    B.      Hawaii ERS Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on November 4, 2025 via *Globe Newswire*. *See* Declaration of

Guri Ademi in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Ademi Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Hawaii ERS meets these requirements and should therefore be appointed as Lead Plaintiff.

### 1. This Motion Is Timely

The November 4, 2025 statutory notice published on *Globe Newswire* advised putative class members of the pendency of the first-filed action, the proposed Class Period, and the right to move the Court for appointment as lead plaintiff by January 5, 2026. *See* Ademi Decl., Ex. A. Because Hawaii ERS' motion has been timely filed, it is eligible for appointment as lead plaintiff.

### 2. Hawaii ERS Has a Substantial Interest in the Relief Sought by the Class

As evidenced by its Certification and loss chart, Hawaii ERS purchased 60,689 shares of Fiserv stock and suffered approximately $4.1 million in losses as a result of defendants' alleged misconduct. *See* Ademi Decl., Exs. B, C. To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Hawaii ERS satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Hawaii ERS Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also

"otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). "When identifying the presumptive lead plaintiff, courts usually examine only the 'adequacy' and 'typicality' factors under Rule 23." *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 623 n.3 (E.D. Wis. 2009).

"A plaintiff's claims are typical if they arise from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Mortimer v. Diplomat Pharmacy Inc.*, 2019 WL 3252221, at *4 (N.D. Ill. July 19, 2019) (cleaned up). Here, like all other class members, Hawaii ERS: (1) purchased Fiserv stock during the Class Period; (2) was adversely affected by the alleged wrongdoing; and (3) suffered damages thereby. *See* Ademi Decl., Exs. B, C. Thus, Hawaii ERS' claims are typical of those of the class.

"'A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously.'" *Diplomat Pharmacy*, 2019 WL 3252221, at *4 (citation omitted). Here, Hawaii ERS has a substantial stake in the outcome of the case, indicating that it has the requisite incentive to vigorously represent the class's claims. Also, as further detailed below, Hawaii ERS has retained qualified and experienced proposed lead counsel to vigorously prosecute the case on behalf of the class. As such, the Court should find that the adequacy requirement has been met.

Because Hawaii ERS filed a timely motion, has a large financial interest in the relief sought

by the class, and demonstrated its typicality and adequacy, the Court should adopt the presumption that it is the "most adequate plaintiff."

### C. The Court Should Approve Hawaii ERS' Selection of Counsel

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). In this case, Hawaii ERS has selected Robbins Geller.

Robbins Geller, a 200-attorney nationwide law firm, specializes in complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability, and reputation" of the attorneys with Robbins Geller "is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"). Notably, Robbins Geller obtained the largest securities fraud class action recovery in this Circuit. *See Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit).

Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits.[2]

---

2     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action

Based upon its counsel's extensive experience and proven track record in securities class actions, Hawaii ERS' selection of counsel should be approved.

## II. CONCLUSION

The Related Actions involve common factual and legal questions and should be consolidated. In addition, Hawaii ERS has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, Hawaii ERS respectfully requests that the Court grant its motion for consolidation, appointment as lead plaintiff, and approval of selection of lead counsel.

DATED: January 5, 2026

Respectfully submitted,

ADEMI LLP
GURI ADEMI (1021729)
SHPETIM ADEMI (1026973)
JOHN D. BLYTHIN (1046105)

s/ John D. Blythin
JOHN D. BLYTHIN
3620 East Layton Avenue
Cudahy, WI 53110
Telephone: 414/482-8000
gademi@ademilaw.com
sademi@ademilaw.com
jblythin@ademilaw.com

Local Counsel

---

recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff